(No. 3429—

MARY ADE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1943.*

EVA L. MINOR, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant, Mary Ade, is the widow of Lester Ade, deceased, who was formerly employed by the Department of Public Welfare of the State of Illinois as an attendant at the Manteno State Hospital. During the month of August, 1939, in the course of his employment, the deceased was required to attend a patient who had contracted typhoid fever; as a result, on August 10, 1939, the deceased also contracted the disease and died on August 29, 1939.

The deceased was confined to the hospital ward of the Manteno State Hospital from August 14, 1939, to August 17, 1939; on August 22, 1939, he was removed to St. Mary's Hospital, Kankakee, Illinois, where he remained until his death; his illness and death necessitated medical services in the amount of $68.00, nursing services in the amount of $91.00, hospital services in the amount of $111.65, and funeral expenses in the amount of $270.00. The earnings of the deceased during the year preceding his death were $752.40. The claimant seeks an award in the amount of four times the average annual earnings of the deceased, plus the medical, hospital and nursing services, and funeral expenses, in the total sum of $3,550.25.

At the time of his illness, the deceased and the respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the illness and claim for compensation were made within the time provided by the Act. It is stipulated that a typhoid fever epidemic existed at the Manteno State Hospital, from July 10, 1939, to December 10, 1939.

Compensation is payable under the provisions of the Workmen's Compensation Act for death from typhoid fever if the disease was accidentally contracted by the

deceased. *Rissman & Son,* vs. *Industrial Commission,* 323 Ill. 459. Under the decision in that case, it appears that typhoid fever may be said to be accidentally contracted if it is an unforeseen or unexpected event of which a person's own misconduct is not the natural and proximate cause and which does not ordinarily and naturally result from his conduct. The manner in which the disease is contracted is thus material in determining whether or not it was contracted accidentally. The court there held that the contraction of typhoid fever by the deceased from the drinking of water furnished by the defendant was unexpected and not foreseen by her, and might therefore be said to be accidental. The deceased in this case, in pursuance of his duties as an attendant at the Manteno State Hospital, was placed in charge of a patient who subsequently died of typhoid fever. The contraction of the disease by the deceased from the pursuance of his duties was as unexpected and as unforeseen by him as was the contraction of the disease by the deceased employee in the Rissman case. There is no suggestion in the record that it was a result of his own misconduct. The contraction of typhoid fever by the deceased, Lester Ade, may therefore be said to have been accidental.

The question then arises whether the typhoid fever contracted by the deceased arose out of his employment as provided by the terms of the Workmen's Compensation Act. An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. If the injury can be seen to have followed as a natural incident to the work and as a result of the exposure occasioned by the nature

of the employment, then it arises out of the employment. *Permanent Construction Co.* vs. *Industrial Commission,* 380 Ill. 47. The hazard to which the deceased employee in this case was exposed was peculiar to his work and was not common to the neighborhood; it was a hazard to which he would not have been equally exposed apart from his employment; it was a hazard incidental to the character of his employment and not independent of the relation of master and servant. It had its origin in a risk connected with the employment and flowed from that source as a rational consequence. The deceased employee, by reason of his employment, was exposed to the risk to a greater degree than other persons, and the injury arising therefrom is compensable. *Permanent Construction Co.* vs. *Industrial Commission,* supra.

The court is of the opinion that Lester Ade, in attending a typhoid fever patient in pursuance of his duties as an attendant at the Manteno State Hospital, received accidental injuries which arose out of and in the course of his employment within the meaning of the Workmen's Compensation Act of this State. Claimant, as the widow of the deceased employee, is entitled to an award under Section 7 (a) of that Act.

It appears from the record, however, that the claimant was remarried on January 27, 1941. Under the provisions of the Workmen's Compensation Act any right to receive compensation is extinguished by the remarriage of a widow if the deceased did not leave him surviving any child or children whom he was under legal obligations to support at the time of the injury. Claimant is therefore entitled to an award of $8.25 per week for a period of seventy-three and five-sevenths weeks from August 29, 1939, to January 27, 1941, or an amount of $608.14. The employee having received the sum of $29.26

for unproductive time during his illness, that amount must be deducted, leaving a balance of $578.88. Claimant is also entitled to payment of the doctor, hospital and nursing services incurred because of the illness of the deceased employee, which amount in the aggregate to $270.65.

Award is therefore made in favor of the claimant, Mary Ade, in the total sum of $849.53 to be paid to her as follows:

1. $111.65 for the use of St. Mary's Hospital, Kankakee, Illinois; $45.00 for the use of Dr. Perrodin, of Kankakee, Illinois; $23.00 for the use of Dr. Daniel K. Hur of Manteno, Illinois; and $91.00 for reimbursement of claimant for money expended for nursing services.

2. $578.88 which has accrued and is payable forthwith.